UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSE OLAN SANTIAGO,

                      Plaintiff,                              **DECISION AND ORDER**

          v.                                  6:19-CV-06106 EAW

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

_____

## <u>INTRODUCTION</u>

Represented by counsel, plaintiff Jose Olan Santiago ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 10; Dkt. 15), and Plaintiff's reply (Dkt. 17). For the reasons discussed below, the Commissioner's motion (Dkt. 15) is denied, and Plaintiff's motion (Dkt. 10) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed his application for SSI on October 1, 2015. (Dkt. 7 at 69).[1] In his application, Plaintiff alleged disability beginning on February 20, 2015, due to anxiety disorder, depression disorder, schizophrenia, back pain, asthma, and heel spurs. (*Id.* at 70). Plaintiff's application was initially denied on December 30, 2015. (*Id.* at 116-21). At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") William M. Manico on March 27, 2017, with Plaintiff appearing in New York, New York, and the ALJ presiding over the hearing from the National Hearing Center, Falls Church, Virginia. (*Id.* at 42-68). On July 20, 2017, the ALJ issued an unfavorable decision. (*Id.* at 16-41). Plaintiff requested Appeals Council review; his request was denied on December 18, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-12). This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* § 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I.   The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since October 1, 2015, the application date. (Dkt. 7 at 24).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: asthma; plantar fasciitis; pes planovalgus; anxiety disorder; depression with psychotic features; and lumbago.  (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 25).  In particular, the ALJ considered the requirements of Listings 1.02, 1.04, 3.03, 12.04, and 12.06 in reaching his conclusion.  (*Id.* at 25-26).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a range of light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations:

> [Plaintiff] should be allowed a regular work break approximately every 2 hours.

> [Plaintiff] may only occasionally climb, balance, stoop, kneel, crouch, or crawl.  [Plaintiff] should avoid repetitive bending, twisting, reaching, pushing, pulling, kneeling, or squatting.

> [Plaintiff] should avoid concentrated exposure to extremes of heat, cold, humidity, odors, dusts, gases, fumes etc.

> [Plaintiff] retains the mental rfc [sic] to perform unskilled work which allows him to have a regular work break approximately every 2 hours, which does not involve the performance of fast paced assembly work, and where interactions with others is limited to occasional except for interactions with the public which should not be part of his job responsibilities.

(*Id.* at 27).  At step four, the ALJ found that Plaintiff had no past relevant work.  (*Id.* at 36).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could

perform, including the representative occupations of laundry worker and night cleaner. (*Id.* at 36-37). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act at any time since the application date. (*Id.* at 37).

## II. <u>Remand of this Matter for Further Proceedings is Necessary</u>

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that (1) the ALJ failed to properly evaluate the opinions of Plaintiff's treating therapist Elizabeth Radley, LMSW; and (2) the ALJ erred in his evaluation of Plaintiff's subjective complaints. (Dkt. 10-1 at 3). For the reasons discussed below, the Court finds that the ALJ erred in his consideration of Ms. Radley's opinions and that this error necessitates remand for further administrative proceedings.

Under the Commissioner's regulations applicable to Plaintiff's claims, social workers are not considered acceptable medical sources and their opinions are not presumptively entitled to any particular weight. *See Bleil v. Colvin*, No. 3:15-CV-1492 LEK ATB, 2017 WL 1214499, at *7 (N.D.N.Y. Mar. 31, 2017). However, an ALJ may not discount a social worker's opinion solely because it does not come from an acceptable medical source. *Id.*; *see also Carrier v. Saul*, No. 19-CV-6139L, 2020 WL 4735992, at *3 (W.D.N.Y. Aug. 14, 2020) ("Appropriate consideration is required for all medical opinions of record, including those from other sources, . . . and an ALJ's decision not to credit opinions from other sources must be explained."). "Opinions from other sources should be evaluated based on the same factors for the evaluation of the opinions of acceptable medical sources." *Franklin v. Colvin*, No. 16-CV-06478 (ALC), 2018 WL 1449524, at *7 (S.D.N.Y. Mar. 23, 2018) (quotations omitted). Moreover, the Commissioner's

"regulations place particular importance on a claimant's treating relationship with a provider, and specifically recognize that a social worker's opinion may even outweigh an acceptable medical source's opinion based on an ongoing treatment relationship." *Bellucco v. Comm'r of Soc. Sec.*, No. 18-CV-6346-FPG, 2019 WL 1593698, at *4 (W.D.N.Y. Apr. 15, 2019) (citing 20 C.F.R. § 404.1527(f)(1)).

In this case, Ms. Radley, Plaintiff's long-term treating therapist, issued several opinions regarding his functional limitations. First, on February 29, 2016, she opined that Plaintiff was: moderately limited in his capacity to follow, understand and remember simple instructions and directions; very limited in his capacity to perform simple and complex tasks independently; moderately limited in his capacity to maintain attention and concentration for rote tasks; moderately limited in his capacity to regularly attend to a routine and maintain a schedule; and moderately limited in his capacity to perform low stress and simple tasks. (Dkt. 7 at 889). Based on her assessment of Plaintiff's limitations, Ms. Radley opined that he was capable of "participat[ing] in activities" such as work, education, and training, for only 5 hours per week. (*Id.*).

Ms. Radley assessed Plaintiff again on November 11, 2016, and opined that he was moderately limited in his capacity to perform simple and complex tasks independently and in his capacity to perform low stress and simple tasks. (*Id.* at 863). At that time, Ms. Radley believed that Plaintiff was capable of participating in activities for 10 hours per week. (*Id.*).

Ms. Radley performed another assessment of Plaintiff on February 10, 2017, opining that he was: moderately limited in his capacity to follow, understand and remember

simple instructions and directions; moderately limited in his capacity to perform simple and complex tasks independently; moderately limited in his capacity to maintain attention and concentration for rote tasks; moderately limited in his capacity to regularly attend to a routine and maintain a schedule; and moderately limited in his capacity to perform low stress and simple tasks.  (*Id.* at 589).

In considering Ms. Radley's opinions, the ALJ stated that he afforded them little weight, "as there is no evidence that she is an acceptable medical source per our regulations."  (*Id.* at 35).  This was error.  As discussed above, an ALJ is not permitted to discount the opinion of a treating social worker solely because she does not constitute an acceptable medical source.  *See Bleil*, 2017 WL 1214499, at *7.

The ALJ then went on to state that even if Ms. Radley "were an acceptable medical source, [he] would still provide her opinions little weight."  (Dkt. 7 at 35).  However, the only rationale provided by the ALJ for this conclusion was his belief that the moderate limitations assessed by Ms. Radley were inconsistent with her ultimate conclusion that Plaintiff could work only 5 or 10 hours per week.  (*Id.* at 35-36).  Importantly, the ALJ provided no discussion whatsoever of the actual functional limitations assessed by Ms. Radley, nor did he explain why he had failed to incorporate them into his RFC finding.

While "the final determination of disability is an issue reserved for the Commissioner," an ALJ's disagreement with a treatment provider's opinion on the ultimate issue of disability does not relieve him of his obligation to consider that provider's functional assessment.  *Shay v. Astrue*, No. 11-CV-128S, 2012 WL 931476, at *5 (W.D.N.Y. Mar. 19, 2012); *cf. Suarez v. Astrue*, No. 11-CV-756S, 2012 WL 3535763, at

*4 (W.D.N.Y. Aug. 14, 2012) (noting the difference between disagreeing with a source's medical opinion and disagreeing with that source's "ultimate opinion regarding [the plaintiff's] ability to work."). The ALJ in this case provided no meaningful discussion of the actual substance of Ms. Radley's opinions, thus precluding the Court from concluding that such opinions were properly assessed.

The Court further agrees with Plaintiff that this error was not harmless. For example, in all three of her opinions, Ms. Radley opined that Plaintiff was unable to perform even low stress and simple tasks up to 25% of the time. This limitation on its face appears inconsistent with the ALJ's conclusion that Plaintiff could perform unskilled work with only normal breaks every two hours. Accordingly, the Court cannot say that the ALJ would have reached the same conclusion regarding Plaintiff's RFC had he appropriately assessed Ms. Radley's opinions.

### III. Plaintiff's Remaining Argument

As set forth above, Plaintiff has identified an additional reason why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach additional

arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand").

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 10) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.  The Commissioner's motion for judgment on the pleadings (Dkt. 15) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:       September 30, 2020
             Rochester, New York